## Stacks Appeal

*Edward H. Fackenthal,* for appellant.

*Jessee W. Beeghley, Jr.,* for township zoning board.

HONEYMAN, J., May 14, 1970.—Lu Lu Temple Holding Corporation, owner of the tract of ground in

question, applied to the Zoning Hearing Board of Whitemarsh Township for a variance from the provisions of section A-1300.3-3, art. XIII-A, of the zoning ordinance specifying a maximum height limitation of 40 feet on buildings in a CLI (Campus Type-Limited Industrial) district. The applicant, as the name implies, is a holding corporation for a fraternal organization, and is the owner of a tract of ground in excess of 20 acres in Whitemarsh Township. It is proposed to erect thereon a cluster-type building, with related requisite off-street parking facilities, to house a shrine temple (mosque-type) including an auditorium with a seating capacity of 700, a banquet hall with a seating capacity of 800, unit rooms and offices. Apparently, the architect's plans therefor conform in every respect with the ordinances of the township with the exception of the height of the domes or towers which will provide the ceilings for the auditorium and banquet hall. The planned height for these two domes or towers is 65 feet. The lowest height of those portions of the structure which will house the unit and office facilities is 10 feet.

After the hearing, the board granted a variance to the applicant stating as its reason that, if the variance be denied, the applicant would be forced to suffer an unnecessary hardship. Further, the board stated in its opinion that possibly the proposed building was within the height restrictions as set forth by the ordinance, thus negating any need for a variance.

Appellants herein, who were the protestants before the board and are abutting property owners, deny the existence of any unnecessary hardship and thereby take issue with the decision of the zoning board's grant of a variance to the applicant. They have appealed the board's decision to this court. The applicant was permitted to intervene in the appeal. The matter was argued before the court en banc, consisting of Honey-

man, Ditter and Vogel, JJ., on the record of the board.

The finding by the board of an unnecessary hardship is in error. At the hearing, the architect testified that the height of the proposed towers was necessary solely because it was esthetically and architecturally more satisfying. Traditionally mere esthetic considerations are not sufficient to sustain the granting of a variance. In Landis v. Franconia Township, 86 Montg. 357, (1966), the court held, at page 360:

"A review of the record shows the only basis for the grant of a variance . . . were economic and esthetic. Neither of these hardships would warrant the grant of a variance. Esthetic factors are not a proper basis for the granting of a variance: Miller v. Seanan, 137 Pa. Super. 24 (1939); White's Appeal, 287 Pa. 259, (1926)."

Further, it must be noted that at the time the tract of land in question was purchased by intervenor, it was subject to this very height restriction applicable to buildings in a CLI district. Therefore, any hardship incurred thereafter by the intervenor would, of necessity, be self imposed.

The proper inquiry of this court upon appeal from the zoning board is whether or not the board has abused its discretion or committed an error of law: Upper St. Clair Township Grange Zoning Case, 397 Pa. 67 (1959). The granting of a variance to intervenor under the facts as presented herein constituted an abuse of discretion in that the record is devoid of any proof of the requisite unnecessary hardship to support the variance.

However, upon a careful review of the entire record and the applicable sections of the zoning ordinance, we agree with the board's uncertain conclusion that the intervenor has a right to construct its building as planned without being in violation of any provi-

sion of the ordinance. In article II, sec. 200q, or 200-17 as designated in the copy of the ordinance accompanying the record, the height of a building is defined as "a building's vertical measurement from the mean level of the ground surrounding the building to a point midway between the highest and lowest points of the roof."

The dimensions of the proposed building indicate that the low point of the roof is 10 feet and the high point 65 feet from the mean ground level. This is so because the rather unusual shape of the building consists of a cluster of small unit rooms surrounding the two large domes covering the banquet hall and auditorium portions. It is important to note that while there are varying degrees of roof height involved, the entire structure is one unified building.

By simple mathematical calculation it can be seen that the midpoint between these roof levels is 37½ feet, or 2½ feet below the 40-foot maximum set by the ordinance.

It is clear then that, although the board's decision to grant a variance is not sound, the intervenor should not have been denied a building permit because the proposed building is within the allowable limits of the zoning ordinance.

### ORDER

And now, May 14, 1970, it is hereby ordered that the decision of the Whitemarsh Zoning Board granting the variance to Lu Lu Temple Holding Corporation is reversed; by reason of the fact that the board committed an error of law in its interpretation of the zoning ordinance, the record is remanded to the board with the direction that a building permit be issued to Lu Lu Temple Holding Corporation for the construction of the proposed building in strict conformity with the plans submitted.